UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:19-CR-0172-B |
| | § | |
| KEVIN LEE JOHNSON, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Kevin Lee Johnson's Motion for Compassionate Release (Doc. 22). For the reasons set forth below, the Court **DENIES** the motion **WITHOUT PREJUDICE**.

### I.

### BACKGROUND

After a jury found Johnson guilty of conspiracy to distribute crack cocaine and distribution of crack cocaine, a Western District of Louisiana court sentenced Johnson to 360 months of imprisonment and ten years of supervised release. J. at 2–3, *United States v. Johnson*, No. 5:06-cr-50005 (W.D. La. Dec. 7, 2006), ECF No. 78. Nearly ten years later, former President Barack Obama granted Johnson clemency, commuting Johnson's sentence to a term of 180 months of imprisonment and ten years of supervised release. Executive Grant of Clemency at 3, *United States v. Johnson*, No. 5:06-cr-50005 (W.D. La. filed Nov. 4, 2016), ECF No. 135. After Johnson finished his term of imprisonment and began supervised release, he moved to Dallas, at which point his case was transferred to this Court. Doc. 1, Order Transferring, 1–2.

Months after the transfer, the United States Probation Office filed a report with the Court

-1-

indicating that Johnson violated his conditions of supervised release by using marijuana. Doc. 4, Report, 1–2. In response, the Court agreed to permit Johnson to pursue drug treatment, rather than to take further action. *Id.* at 2–3. Probation then filed another report, again stating that Johnson had violated his supervision conditions by using marijuana. Doc. 5, Report, 1–2. This time, the Court agreed to permit Johnson to participate in Moral Reconation Therapy (MRT) and did not take further action. *Id.* at 2–3. But thereafter, Probation filed a petition notifying the Court of Johnson's further marijuana use, Doc. 6, Pet., 1–4, and at a revocation hearing held on February 4, 2020, Johnson pleaded guilty to two of the violations of his supervision conditions. Doc. 18, Electronic Minute Entry; Doc. 20, J., 1. The Court sentenced Johnson to ten months of imprisonment, including one month at a residential reentry facility, followed by five years of supervised release. Doc. 20, J., 2–3, 5.

Johnson is currently thirty-nine years old, and he is serving his ten-month sentence at Beaumont Low Federal Correctional Institute (FCI). His scheduled release date is November 19, 2020.[1] As of July 16, 2020, Beaumont Low FCI has 457 positive cases of COVID-19.[2] On July 10, 2020, Johnson filed a motion seeking compassionate release under 18 U.S.C. § 3582. Doc. 22, Def.'s Mot., 1. The Court addresses this motion below.

---

[1] The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov/inmateloc/.

[2] The Court accessed this statistic from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus/.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

Section 3582(c)(1)(A)'s exhaustion requirement is generally "a glaring roadblock foreclosing compassionate release" where the "BOP has not had thirty days to consider [the defendant's] request to move for compassionate release on his behalf" or if "there has been no adverse decision by [the] BOP for [the defendant] to administratively exhaust within that time period." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see, e.g.*, *United States v. Orellana*, 2020 WL 1853797, at *1 (S.D. Tex. Apr. 10, 2020). Nonetheless, some "courts have concluded that [the exhaustion] requirement is not absolute and that it can be waived by the government or by the court, therefore justifying an exception in the unique circumstances of the COVID-19 pandemic." *Valentine v. Collier*, 956 F.3d 797, 807 (5th Cir. 2020) (Higginson, J., concurring) (per curiam) (citations omitted).

## III.

## ANALYSIS

As explained below, the Court denies Johnson's request, because Johnson has not shown

exhaustion of his administrative remedies. Further, regardless of the exhaustion issue, Johnson's motion presently fails to demonstrate extraordinary circumstances under § 3582(c)(1)(A).

A.    *Johnson Has Failed to Provide Proof of Exhaustion of Administrative Remedies.*

In his motion, Johnson has not provided proof of exhaustion of his administrative remedies. Instead, Johnson merely states that he has "exhausted all of the BOP's administrative remedies and [has] been denied by case manager and the warden under the [BOP] remedy for home-detention and compassionate release . . . ." Doc. 22, Def.'s Mot., 2. He goes on to explain that thirty days have passed "since filing outside of the prison," and he still has not received a response. *Id.*

But irrespective of whether Johnson is asserting exhaustion based on the passage of thirty days since the warden received his motion, or based on his full exhaustion of BOP appeals, *see* § 3582(c)(1)(A), he has not provided evidence of either. To support a finding of exhaustion, Johnson must attach copies of any request he has made to the BOP, as well as any response, so that the Court may verify whether the BOP has had the first opportunity to address Johnson's motion.

Due to Johnson's failure to exhaust his administrative remedies, the Court **DENIES** Johnson's motion for compassionate release **WITHOUT PREJUDICE** to re-filing upon satisfying the exhaustion requirement.[3]

B.    *Irrespective of Exhaustion, Johnson Has Not Shown Extraordinary and Compelling Circumstances.*

Regardless of whether Johnson exhausted his administrative remedies, Johnson has not shown

---

[3] The Court recognizes that some district courts have excepted the exhaustion requirement under specific circumstances. *See United States v. Jackson*, 2020 WL 3455131, at *2 (N.D. Tex. June 5, 2020), *adopted by* 2020 WL 3452284 (N.D. Tex. June 24, 2020) (explaining the split between district courts on whether the exhaustion requirement may be waived). But the Court need not consider the propriety of such an exception here, because as explained in the Court's discussion of the merits of Johnson's motion, Johnson has not proven extraordinary and compelling reasons for release.

"extraordinary and compelling reasons" justifying compassionate release. *See* § 3582(c)(1)(A). The policy statement applicable to this provision—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. 1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. 1.[4]

With the policy statement in mind, the Court concludes that Johnson has not provided "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A).

In support of his request, Johnson points out that COVID-19 is rapidly spreading at his facility despite protective measures, and he is in a high-risk category if he contracts COVID-19 due to his status as a "former/current smoker . . . ." Doc. 22, Def.'s Mot., 1.

As a preliminary matter, the Court recognizes the unprecedented nature of COVID-19. Further, the Court acknowledges the rapid spread of COVID-19 throughout Beaumont Low FCI, which has 457 active cases of COVID-19 as of July 16, 2020. Based on the statistics, the Court understands Johnson's fear of contracting the virus—he is residing in a facility where COVID-19 is prevalent. But generalized concerns about the spread of COVID-19 at Johnson's facility do not give rise to extraordinary and compelling reasons for release. Rather, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements" such as the propriety of incarceration for all inmates at Beaumont Low FCI. *See Delgado*, 2020 WL 2542624,

---

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. 1. Though the policy statement is not necessarily dispositive, *see United States v. Delgado*, 2020 WL 2542624, at *2 n.1 (N.D. Tex. May 19, 2020), the Court finds it useful here.

at *3.

And turning to Johnson's individual circumstances, Johnson asserts only that he is "a former/current smoker" and thereby is in a high-risk category should he contract COVID-19. Doc. 22, Def.'s Mot., 1. But Johnson has provided no medical records indicating whether, if at all, he is immunocompromised. Johnson's unsupported assertion that he is a former and current smoker—standing alone—does not rise to the level of extraordinary and compelling. *Cf. United States v. Lee*, 2020 US Dist. LEXIS 101815, at *11 (N.D. Tex. Apr. 23, 2020) (finding extraordinary and compelling reasons warranting release where the defendant, who resided at a facility with a rapid spread of COVID-19, had asthma, bronchitis, and hypertension). Thus, Johnson's motion fails to demonstrate "extraordinary and compelling reasons" for release, and the Court **DENIES** Johnson's motion **WITHOUT PREJUDICE**. *See* § 3582(c)(1)(A).

## IV.

## CONCLUSION

Johnson's request for compassionate release under § 3582(c)(1)(A) fails, because he has not proven his exhaustion of administrative remedies. Further, Johnson's present motion does not demonstrate extraordinary and compelling reasons for compassionate release. For both of these reasons, the Court **DENIES** Johnson's motion (Doc. 22) **WITHOUT PREJUDICE**.

By denying Johnson's motion without prejudice, the Court permits Johnson to file a subsequent motion for compassionate release in the event he can both: (1) satisfy the exhaustion requirement, and (2) provide information supporting a finding of extraordinary and compelling reasons for release, such as documentation demonstrating that he is immunocompromised.

Finally, the Court notes that before granting compassionate release under § 3582(c)(1)(A),

the Court must also consider the factors of § 3553. § 3582(c)(1)(A). Because the Court holds that Johnson has not exhausted his administrative remedies or shown extraordinary reasons warranting release, the Court need not conduct that analysis today.

SO ORDERED.

SIGNED: July 20, 2020.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE